s



**THE CITY OF NEW YORK**
### LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**ERIC EICHENHOLTZ**
*Managing Attorney*
Phone: (212) 356-2200
E-mail: eeichenh@law.nyc.gov

September 12, 2025

<u>**Via ECF**</u>
Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** <u>**Donlon v. City of New York, et all**</u>
> **Docket No: 25 Civ. 5831 (JHR)**

Dear Judge Rearden:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for defendants City of New York, Eric Adams, Tania Kinsella, John Chell, Michael Gerber and Anthony Marino (collectively "City defendants"). I write in response to plaintiff's letter requesting an extension of time to file opposition to City defendants' motion to dismiss, given plaintiff's failure to accurately characterize the reasons for defendants' position. As plaintiff notes, City defendants do not consent to the extension request. Ordinarily, this Office agrees to reasonable requests for extensions of time and we will not hesitate to extend such courtesies when they are warranted. However, in this case we cannot do so because, for the reasons set forth below, plaintiff has failed to demonstrate good cause for an extension.

At the outset, we stress that City defendants' motion raises serious infirmities with the amended complaint and thus it is in all parties' interests to have the issues raised in our motion quickly adjudicated. Indeed, for that reason, City defendants marshalled the resources necessary to submit our motion to dismiss within the time required by the Federal Rules of Civil Procedure without need for extension. Additionally, while we acknowledge that competing obligation can frequently constitute good cause for an extension on consent, that does not appear to be the case here. Rather, we note that, following our motion filing, plaintiff's counsel engaged in other out-of-court activities relating to his client, including the publication of a six-page letter to various investigatory bodies concerning the allegations set forth in plaintiff's amended complaint and providing out-of-court statements regarding the merits of City defendants' motion.

Plaintiff referred to City defendants' citation to plaintiff's statement to the media about defendants' motion but failed to explain our rationale for doing so.  Plaintiff's counsel's public statement days ago that City defendants' motion is a meritless "delay tactic" is completely at odds with his statement to this Court today conceding that the defendants raise "numerous complex issues", "including constitutional, statutory, and RICO questions" that he needs time to better research.  Plaintiff cannot have it both ways.  Defendants also noted that his characterization in the press of the defendants' motion as a "delay tactic" is at odds with City defendants' actual desire, demonstrated by their conduct of promptly drafting and submitting this motion, to have the matter heard by the Court as expeditiously as possible.  These conflicting statements cast doubt on the credibility of the reasons plaintiff provided this Court for needing an extension.

With respect to the letter plaintiff sent earlier this week, plaintiff again omits City defendants' key point: that letter could have been composed and sent at any time outside of the past week, giving plaintiff sufficient resources to timely submit opposition to City defendants' motion without the need for an extension.  Even if, as plaintiff now claims, he wrote the letter before receiving City defendants' motion, this does not explain why he chose to engage in what he likely knew was a time consuming out-of-court activity during the window to respond to City defendants' motion rather than use his resources to respond within the deadlines set by this Court's Local Rules.   This is especially true given plaintiffs' concession to the Court that he needs additional time to "analyze" the various constitutional and statutory issues raised by City defendants.  The City defendants and the Court should not need to delay adjudication of this matter to accommodate plaintiff's decision to prioritize such out-of-court activities over this case and this Court.

Because plaintiff has not shown good cause for an extension, defendants do not consent.  Should his opposition deadline remain set for September 18, 2025, no extension will be sought for City defendants; we will file our reply by September 25, 2025.

I thank the Court for its consideration of the foregoing.

Respectfully submitted,

Eric Eichenholtz
Assistant Corporation Counsel

cc: John Scola (via ECF)