# LAW OFFICE OF JOHN A. SCOLA, PLLC

90 Broad Street, Suite 1023

NEW YORK, NY 10004

_____

TEL: 917.423.1445                                                                                                       FAX: 914.302.4099

September 25, 2025

**Sent Via ECF**

Hon. Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 12B
New York, NY 10007-1312

           Re: Thomas Donlon v. City of New York et al.
           Docket No.: 1:25-cv-05831

Dear Judge Rearden :

Pursuant to Your Honor's Individual Rules, Plaintiff submits this letter in opposition to Defendants' motion to dismiss. The motion rests on selective quotations and mischaracterizations of both the pleadings and law. When the actual allegations are taken as true, dismissal is unwarranted.

### 1. Rule 8/9(b): Particularity, Not Prolixity

Defendants complain of prolixity, but the FAC's detail is required. RICO and fraud-based claims demand the "who, what, when, where, and how." The FAC sets out specific dates, names, and methods: forged promotional lists (FAC ¶¶ 406–424), Sheppard's fraudulent self-promotion (¶¶ 447–462), the Marathon death threat (¶¶ 636–642), and the retaliatory arrest of Donlon's wife (¶¶ 696–708). That is the very clarity Rule 9(b) demands. Defendants' prolixity argument is particularly hollow given that their own motion cherry-picks a handful of lines out of more than 1,300 paragraphs while ignoring the hundreds of specific fraud allegations pled with precision. Detail is not a defect—it is the requirement for pleading fraud and RICO.

### 2. RICO Enterprise and Injury

Defendants argue no enterprise, no pattern, and "self-inflicted" injury. The FAC pleads the opposite: an association-in-fact enterprise with defined roles, a common purpose, and continuity spanning months (Boyle v. United States, 556 U.S. 938). Predicate acts include forgery, mail/wire fraud, obstruction, retaliation, and defamation.

- Donlon was "Commissioner" in title only: his stamp hijacked, his directives ignored, and his office infiltrated (¶¶ 155–167, 580–607). The law does not excuse fraud because the victim held theoretical statutory powers while stripped of any practical ability to exercise them.
- The City's claim that Adams twice "passed over" conspirators as Commissioner ignores the reality: those same actors used forged lists to secure promotions and pensions in defiance of Donlon's authority.
- The enterprise's continuity is undeniable: forged lists in September 2024, Sheppard's fraudulent self-promotion in October, Sheppard's public death threat in November, the retaliatory false arrest of Donlon's wife in December, and Donlon's termination in April 2025. Courts in this Circuit recognize such a sequence of related predicate acts spanning months as sufficient to establish closed-ended continuity.

### 3. First Amendment Retaliation

Defendants argue Garcetti and policymaker exception. The FAC says otherwise.

- Donlon's speech—objecting to forged signatures, fraudulent promotions, and obstruction—was citizen speech exposing corruption. *Lane v. Franks*, 573 U.S. 228; *Montero v. City of Yonkers*, 890 F.3d 386.
- Causation is clear. Texts with Chief of Staff Camille Varlack confirm Donlon was offered a Senior Advisor role in November 2024—wholly inconsistent with Mayor Adams's later statement that Donlon was in "mental decline." That false public narrative, made the day after suit was filed, is direct evidence of retaliation and pretext.
- At a minimum, whether his speech was pursuant to duties is a fact question that cannot be resolved on Rule 12(b)(6). McKenna v. Wright, 386 F.3d 432.
- The Supreme Court has made clear that public employees do not surrender First Amendment protection simply because they hold senior positions. See Lane 228, emphasized that the decisive factor is whether the speech was made as a citizen exposing corruption, which is exactly what the FAC alleges.

### 4. Substantive Due Process

Defendants rely on *Miller* and *King*. Those cases involved conduct fully redressable under other provisions. Here, the misconduct—including a death threat against the Commissioner, a fabricated arrest of his spouse, sabotage of his office, and malicious media leaks—falls outside any single constitutional provision. These are conscience-shocking abuses actionable under substantive due process. Velez v. Levy, 401 F.3d 75. These allegations are not subsumed because they involve distinct abuses of power untethered from Donlon's job duties or his own speech."

### 5. Monell Liability

This was not rogue misconduct. The Mayor himself ratified it by instructing Donlon to "work with" perpetrators, dismissing a death threat, and publicly lying to smear him. Those actions constitute policymaker ratification under Pembaur and Monell. The FAC also pleads entrenched customs of politicized promotions and retaliation against whistleblowers. When the City's final

policymaker directs a Commissioner to cooperate with perpetrators, dismisses a death threat, and then publicly lies to discredit him, that is deliberate ratification. Ratification itself constitutes official City policy for Monell purposes.

### 6. Civil Service Law § 75-b

Defendants' argument that Donlon should have acted as Commissioner ignores the reality pled: his authority was stripped and sabotaged. § 75-b protects disclosures of unlawful activity by a public employee regardless of formal title. The retaliation—including threats, surveillance, the false arrest of his wife, and termination—falls squarely within the statute.

### 7. Qualified Immunity

Qualified immunity is premature. No reasonable official could believe forging promotions, orchestrating retaliatory arrests, threatening to kill the Commissioner, or leaking his family's personal data was lawful. At this stage, the defense faces a "formidable hurdle." McKenna v. Wright, 386 F.3d at 434.

### Conclusion

Defendants' motion relies on selective quotations and mischaracterizations. This case is not about personnel disputes. It is about a coordinated scheme of forgery, retaliation, and obstruction carried out under color of law, and such allegations cannot be dismissed at the threshold. The FAC alleges specific, detailed acts of fraud, retaliation, and abuse of power that must proceed past Rule 12(b)(6). Plaintiff respectfully requests that the Court deny the motion in full or, in the alternative, grant leave to amend under Rule 15(a)(2).

Respectfully submitted,

/s/ John A. Scola

John A. Scola, Esq.

Counsel for Plaintiff